United States District Court
Southern District of Texas
**ENTERED**
August 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| James Thomas English, *Plaintiff,* | § § § § § § § § § § | |
| v. | | Civil Action H-24-2120 |
| Freedom Mortgage Company, LLC, Wells Fargo Bank, N.A., and Georgetown Mortgage, LLC *Defendants.* | | |

## MEMORANDUM, RECOMMENDATION, AND ORDER

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 11. Pending before the court are Defendant Freedom Mortgage's Motion to Dismiss, ECF No. 2, and Plaintiff's Motion for Access to Records, ECF No. 3, Motion for Default Judgment, ECF No. 6, and Motion to Expedite Ruling on Notice for Default Judgment, ECF No. 13. The undersigned recommends that the motion to dismiss be **GRANTED** and that the motion for default judgment be **DENIED**. The motion for access to records and motion to expedite a ruling are **DENIED**.

### 1. *Factual Background*

Plaintiff James Thomas English sued Defendants Freedom Mortgage, LLC, Wells Fargo Bank, N.A., and Georgetown Mortgage, LLC, "for knowingly engaging in fraudulent activities related to the securitization of [English's] promissory note." Pl.'s Compl., ECF No. 1 at 1. English alleges that he "discovered through a Bloomberg report and subsequent personal reviews that Defendants had engaged in fraudulent securitization of his promissory note" and that Defendants "unlawfully manipulated

and misrepresented the ownership and status of the said promissory note, causing unwarranted legal actions against [him], including a foreclosure lawsuit which [he] successfully contested." *Id.* at 2.

English makes similar allegations of fraud and misrepresentation in the "Claims for Relief" section of his compliant. For example, English alleges that:
- Defendants "knowingly and intentionally misrepresented the legitimacy of their legal claim to [his] property through improper securitization as evidenced by the [Bloomberg] report;"
- Defendants' actions "constitute deceit and misrepresentation" under the Texas Deceptive Trade Practices Act (DTPA);
- Defendants "presented documentation that is fraudulent, thereby committing fraud on the court;"
- "Freedom Mortgage['s] instruments are fraudulent;"
- "defendant bank advertised that they loan money, thereby defrauding [English];"
- "defendant bank misrepresented the elements of the alleged agreement to [English];"
- English's "bona fide signature does not appear on the alleged promissory note;" and
- "The copy of the promissory note is a forgery."

ECF No. 1 at 2–3.

English asserts claims for fraud, violations of the DTPA, and various criminal offenses such as interference with commerce by threats or violence, aggravated identity theft, and bank fraud. ECF No. 1 at 2, 4–7. English "seeks civil relief in the amount of $100,000,000.00 for conspiratorial acts with the intent to defraud, fraud, and other violations, including those related to Due Process of Law, Misapplication statute/law, and fraud of Void Judgment."

*Id.* at 5. English seeks compensation for therapy, acknowledgement of agony, expungement of private information, and the transfer of 200 acres of land. *Id.* at 5–6.

Freedom Mortgage seeks dismissal of English's complaint under Rule 12(b)(6), arguing that English failed to plead sufficient factual allegations to support his claims. ECF No. 2. English did not respond to the motion to dismiss. Because the undersigned agrees that English's complaint should be dismissed, English's other motions should be denied.

### 2. *Legal Standards*

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, the court is constrained to the "four corners of the complaint" to determine whether the plaintiff has stated a claim. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011); *see also Loofbourrow v. Comm'r*, 208 F. Supp. 2d 698, 708 (S.D. Tex. 2002) ("the court may not look beyond the four corners of the plaintiff's pleadings.").

Under Rule 12(b)(6), the court determines whether the plaintiff's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

3

Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "A plaintiff need only plausibly allege facts going to the ultimate elements of the claim to survive a motion to dismiss." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Id.* at 556.

Only statements of *fact* are to be taken as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Conclusory allegations are "disentitled . . . to the presumption of truth." *Iqbal*, 566 U.S. at 681. Thus, the court, in reviewing the plaintiff's complaint, may neither "accept conclusory allegations" nor "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

In the Southern District of Texas, a failure to timely respond to a motion is taken as a representation of no opposition. S.D. Tex. L.R. 7.4. However, a dispositive motion should not be granted simply because there is no opposition, even if failure to oppose violated a local rule. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995).

### 3. Analysis
#### A. Fraud and Violations of the DTPA

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). "Pleading fraud with particularity in this

4

circuit requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 176 (5th Cir. 1997) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)). In other words, the plaintiff must set forth the "'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). Misrepresentation claims made under the DTPA are subject to Rule 9(b)'s heightened pleading standards. *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.").

Here, English fails to state the "who, what, when, where, and how" of Defendants' fraud or misrepresentations. For example, English repeatedly alleges, without additional facts, that Defendants "engaged in fraudulent securitization" of his promissory note, "presented documentation that is fraudulent" and that Freedom Mortgage's "instruments are fraudulent." ECF No. 1 at 2–3. English alleges that Defendants "misrepresented the legitimacy of their legal claim" and that "defendant bank misrepresented the elements of the alleged agreement."

English did not respond to the motion to dismiss and has therefore not sought leave to amend or aided the court by pointing to the facts which he believes are sufficient to support his claims. English has also not provided any context or explanation for the various attachments to his complaint, which include a "Bloomberg Property Analysis Report," ECF No. 1-2, an "Investigative Analysis Report," ECF No. 1-3, a "MERS Analysis Report," ECF No. 1-4, a "Forensic Loan Analysis Report," ECF No. 1-5, a

5

"Contract Analysis Report," ECF No. 1-6, and a mortgage fraud examiner's affidavit and curriculum vitae, ECF No. 1-7. The court's cursory review of the attached materials reveals that the documents contain recitations of various statutes, cases, and perhaps industry practices. *See, e.g.*, ECF No. 1-4 at 8–10 (discussing judicial opinions from, among others, various courts in California, Michigan, Florida, and Minnesota); ECF No. 1-6 at 8–21 (discussing various affirmative defenses, judicial opinions, and UCC § 3-301).

The allegations throughout English's complaint are conclusory and are therefore disentitled to the presumption of truth. English has failed to plead *factual* allegations sufficient to raise the right to relief above the speculative level, and the court cannot strain to find favorable inferences among English's allegations or the various attachments to his complaint. Therefore, English has failed to state a claim for relief under Rule 12(b)(6).[1]

### B. Criminal Offenses

"Private citizens do not have the right to bring a private action under a federal criminal statute." *Smith v. Wilmington Sav. Fund Soc'y FSB as Tr. for Stanwich Mortg. Loan, Tr.*, No. 3:18-CV-2065-G-BH, 2019 WL 2996571, at *11 (N.D. Tex. June 14, 2019), *report and recommendation adopted*, 2019 WL 2995943 (N.D. Tex. July 8, 2019); *see also Pierre v. Guidry*, 75 Fed. App'x 300 (5th Cir. 2003) (per curiam) (citing cases).

English brings claims under several criminal statutes including:

- 18 U.S.C. § 1951, Interference with Commerce by Threats or Violence;

---

[1] To the extent that any of English's claims are not subject to Rule 9(b)'s heightened pleading standard, his claims still fail under Rule 8, *Iqbal*, and *Twombly* for the reasons stated herein.

- 18 U.S.C. § 1341, Frauds and Swindles;
- 18 U.S.C. § 1028A, Aggravated Identity Theft;
- 18 U.S.C. § 1343, Fraud by Wire, Radio, or Television;
- 18 U.S.C. § 1344, Bank Fraud; and
- 18 U.S.C. Chapter 25, Counterfeiting and Forgery.

ECF No. 1 at 4–5.

English cannot bring a private civil action under a federal criminal statute. He has therefore failed to state a claim for relief under Rule 12(b)(6).

### 4. *Leave to Amend*

"Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). If the plaintiff seeks leave to amend, he "must give the court at least some notice of what . . . [his] amendments would be and how those amendments would cure the initial complaint's defects." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (citation omitted). The court may deny leave "[i]f the plaintiff does not provide a copy of the amended complaint [or] explain how the defects could be cured." *Id.* (citation omitted). The court may also deny leave to amend when amendment would be futile. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Here, English has not sought leave to amend, so he has not provided a copy of any amended complaint or provided notice of what any amendments might be or how they could cure the defects raised by the motion to dismiss. English cannot bring a civil action under a criminal statute, so any amendment as to those claims would be futile. Therefore, leave to amend is denied.

### 5. *English's Remaining Motions*

English has filed a "Motion for Access to Records Pursuant to the Freedom of Information Act," ECF No. 3, a motion for

7

default judgment against Defendants Freedom Mortgage and Wells Fargo, ECF No. 6, and a motion to expedite the court's ruling on the motion for default judgment, ECF No. 13. Having determined in Part 3 that English has failed to state a claim under Rule 12(b)(6), the motions for access to records and to expedite a ruling are denied, and the undersigned recommends that the motion for default judgment be denied.

### 6. Conclusion

English's Motion for Access to Records, ECF No. 3, and Motion to Expedite Ruling, ECF No. 13, are **DENIED**. The undersigned recommends that Freedom Mortgage's Motion to Dismiss, ECF No. 2, be **GRANTED** and that English's Motion for Default Judgment, ECF No. 6, be **DENIED**. The undersigned further recommends that this case be **DISMISSED with PREJUDICE** for failure to state a claim upon which relief can be granted.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on July 31, 2024.

Peter Bray
United States Magistrate Judge