United States District Court
Southern District of Texas
**ENTERED**
September 03, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| James Thomas English, *Plaintiff*, | § § § | |
| v. | § § | Civil Action 4:24-CV-2120 |
| Freedom Mortgage Corporation, et al., *Defendants*. | § § § § | |

## AMENDED MEMORANDUM AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a Complaint in this Court on June 5, 2024, that appears to relate to his residential mortgage. ECF No. 1.[1] The Complaint names as Defendants Freedom Mortgage Company LLC (Freedom),[2] Wells Fargo Bank N.A., and Georgetown Mortgage, LLC. *Id.* Before taking any further action in this case, the Court must assure itself that subject matter jurisdiction exists.[3] It does not. As such, the court

---

[1] The District Judge referred the case to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF No. 4.

[2] Freedom represents in its Motion to Dismiss that it was misnamed in the Complaint as Freedom Mortgage Company LLC. *See* ECF No. 2. Freedom does not contest service or personal jurisdiction on the basis of the misnomer. *Id.* Plaintiff has not objected to Freedom's representation and in fact correctly named Freedom in a prior action, Civil Action No. 3:23-cv-0086. The Clerk of Court is instructed to edit the docket to reflect the proper name of the Defendant as Freedom Mortgage Corporation.

[3] This is not Plaintiff's first case related to property located at 17111 Dewberry Lane, Rosharon, Texas 77583. Among several others, Plaintiff filed a state court action in Brazoria County against Freedom Mortgage Corporation on or about March 6, 2023. Freedom removed the case to the United States District Court for the Southern District of Texas, Galveston Division, based on diversity jurisdiction. On August 8, 2023, the court dismissed the action with prejudice because "[e]ven with the lenient treatment [the court] must afford

**RECOMMENDS** that this case be **DISMISSED** without **PREJUDICE**.[4]

## I. *Subject Matter Jurisdiction*

The court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Plaintiff has not sufficiently alleged either diversity or federal question subject matter jurisdiction.

## A. *Diversity Jurisdiction*

Under 28 U.S.C. § 1332, subject matter jurisdiction exists if there is complete diversity between the parties and the amount in controversy is more than $75,000. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity requires that "all persons on one side of the controversy . . . be citizens of different states than all persons on the other side." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020). To allege the citizenship of a corporation, the party asserting jurisdiction must "set out the principal place of business of the corporation as well as the state of its incorporation." *Id.* at 282. To allege the citizenship of a limited liability company, the party asserting jurisdiction must "specifically allege the citizenship of every

---

a pro se litigant, English's allegations are nowhere near enough to 'raise a right to relief above the speculative level.'" *Eng. v. Freedom Mortg. Corp.*, No. 3:23-CV-00086, 2023 WL 5340909, at *3 (S.D. Tex. Aug. 18, 2023) (quoting *Twombly*, 550 U.S. at 555) report and recommendation adopted, No. 3:23-CV-86, 2023 WL 5837516 (S.D. Tex. Sept. 8, 2023). The Court dismissed the case with prejudice because English had already had an opportunity to amend his Complaint. Id. The jurisdictional difference between this case and Civil Action No. 3:23-cv-0086 is that Georgetown Mortgage, LLC was not a Defendant in that case.

[4] The court's July 31, 2024 Memorandum and Recommendations are withdrawn. ECF. No. 14.

member of every LLC . . . involved in [the] litigation." *Id.* When members of a limited liability entity are themselves entities or associations, citizenship must be traced through the layers of members until arriving at the entity that is not a limited liability entity and identifying its citizenship status. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009).

Plaintiff's Complaint alleges that he is a resident of Texas.[5] Freedom declared in response to the court's August 8, 2024 order requesting information about each party's citizenship, ECF No. 16, that it is a resident of New Jersey and Florida. ECF No. 22 at 1. Wells Fargo Bank N.A., in response to the same court order, stated that it is a resident of South Dakota. ECF No. 21 at 2. Plaintiff makes no allegation at all as to the citizenship of Georgetown Mortgage, LLC. The fact that Plaintiff has not served Georgetown Mortgage LLC is irrelevant for jurisdictional purposes. *Alarcon v. Aberration, Inc.*, No. 5:21-CV-128, 2021 WL 5987026, at *2 (S.D. Tex. Dec. 16, 2021) (citing *Bingabing v. Est. of Warren*, No. 3:20-cv-951, 2020 WL 3639662, at *3 (N.D. Tex. July 6, 2020) (citing *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998))). Thus, English has failed to carry his burden to show that Georgetown Mortgage, LLC is diverse. He has therefore failed to satisfy the court that diversity subject matter jurisdiction exists in this case.

---

[5] The specific allegation is that Plaintiff "is an individual residing in the State of Texas Republic." ECF No. 1 at 1.

### *B. Federal Question Jurisdiction*

Subject matter jurisdiction exists under 28 U.S.C. § 1331 if a federal question is presented on the face of a plaintiff's properly pleaded complaint, "that is, a complaint that asserts the plaintiff's right to recovery based on federal law." *Louisiana Indep. Pharmacies Ass'n v. Express Scripts, Inc.*, 41 F.4th 473, 478 (5th Cir. 2022). The Complaint identifies only two claims for relief, fraud and violation of the Texas Deceptive Trade Practices Act, both of which are state law causes of action. ECF No. 1 at 2. Plaintiff's Complaint alleges that "[o]n or around March 1, 2023, [he] discovered through a Bloomberg report and subsequent personal reviews that Defendants had engaged in fraudulent securitization of his promissory note." ECF No. 1 at 2. He does not identify a federal law that Defendants violated by this "fraudulent securitization." Disputes arising out of mortgage foreclosures are generally governed by state law. *See, e.g., Eng. v. Freedom Mortg. Corp.*, No. 3:23-CV-00086, 2023 WL 5340909, at *3 (S.D. Tex. Aug. 18, 2023) (applying Texas law in wrongful foreclosure action); *McMahan v. U.S. Bank Nat'l Ass'n*, No. 4:22-CV-01525, 2024 WL 2243301, at *9 (S.D. Tex. Apr. 11, 2024) (applying Texas law in determining right to foreclose under deed of trust), *report and recommendation adopted*, No. CV H-22-1525, 2024 WL 2304264 (S.D. Tex. May 21, 2024).

In his Prayer for Relief, Plaintiff cites multiple criminal statutes. *See* ECF No. 1 at 4-5 (citing, e.g., 18 U.S.C. § 1951 (interference with commerce by threats of violence) and 18 U.S.C.

4

§ 1341 (mail fraud)). It is well established that private parties have no standing to bring a private cause of action for the violation of a federal criminal statute. Therefore, federal courts have no jurisdiction over a suit between private parties for violation of a criminal statute. *Ennis Transp. Co. Inc. v. Richter*, No. 3:08-CV-2206-B, 2009 WL 464979, at *1 (N.D. Tex. Feb. 24, 2009); *Mayfield v. City of Coll. Station*, No. 4:23-CV-00795, 2024 WL 2219025, at *6 (S.D. Tex. Mar. 15, 2024); *Sweeney v. Holt & Young, P.C.*, No. H-22-1230, 2023 WL 4977803, at *4 (S.D. Tex. July 24, 2023), report and recommendation adopted, No. CV H-22-1230, 2023 WL 4976193 (S.D. Tex. Aug. 3, 2023).

No federal cause of action appears on the face of Plaintiff's Complaint, and therefore Plaintiff has not alleged federal question jurisdiction.

## *II. Conclusion*

For the reasons discussed above, the court **RECOMMENDS** that this case be **DISMISSED without PREJUDICE** for lack of subject matter jurisdiction.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on September 3, 2024.

Peter Bray
United States Magistrate Judge