United States District Court
Southern District of Texas
**ENTERED**
October 10, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES THOMAS ENGLISH, | § § | CIVIL ACTION NO 4:24-cv-02120 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| FREEDOM MORTGAGE COMPANY LLC, *et al*, Defendants. | § § § § § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff James Thomas English proceeds here *pro se*. He filed a complaint against Defendants to prevent foreclosure on real property. Dkt 1.

The matter was referred to Magistrate Judge Peter Bray. Dkt 11. Pending is his Amended Memorandum and Recommendation dated September 3, 2024. Dkt 26. He recommends that this case be dismissed without prejudice for lack of subject-matter jurisdiction. Dkt 26 at 2–3. Plaintiff filed objections. Dkt 28.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there is no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d

1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff asserts in his objections that he was unaware that Defendant Georgetown Mortgage, LLC, was no longer in business. He argues that he can cure the jurisdictional defect by dismissing it. Dkt 28 at 1, citing 28 USC §1653. To the contrary, whether complete diversity exists is generally measured at the time of filing. See *SXSW, LLC v Federal Insurance Company*, 83 F4th 405, 408, citing *Newman-Green, Inc v Alfonzo-Larrain*, 490 US 826, 830 (1989). And deleting a non-diverse party isn't one of the "technical defects" that are curable under §1653. See *Howery v Allstate Insurance Co*, 243 F3d 912, 919–20 (5th Cir 2001); *Stafford v Mobil Oil Corp*, 945 F2d 803, 805–06 (5th Cir 1991). This is because a party can only use §1653 to cure jurisdictional defects by pointing to facts already existing in the record. See *Whitmire v Victus Limited T/A Master Design Furniture*, 212 F3d 885, 890 (5th Cir 2000) (observing that "prime concern when dealing with §1653" is "avoiding attempts to retroactively create jurisdiction"). As found by Judge Bray, Plaintiff never established the citizenship of Georgetown Mortgage so as to demonstrate that diversity jurisdiction exists. See Dkt 26 at 3.

Plaintiff briefly states objections of a general nature, including assertion that (i) federal question jurisdiction exists under statutes not cited in the original complaint, (ii) Defendants failed to respond, thus requiring entry of default, (iii) Judge Bray exhibited judicial bias by focusing on "jurisdictional technicalities," instead of addressing the merits, (iv) Plaintiff now intends to file action before the IRS, and (v) jurisdiction exists over this matter, and the law has been misapplied. Dkt 28 at 1–4. Upon *de novo* review and to the extent discernible, these objections are also found to lack merit.

2

The objections by Plaintiff James Thomas English are OVERRULED. Dkt 28.

The Amended Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 26.

All of other motions, if any, are DENIED AS MOOT.

This case is DISMISSED WITHOUT PREJUDICE.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on October 10, 2024, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge